Supreme Court, New York County (Elliott Wilk, J.), entered November 3, 1994 which granted third-party defendant Sloan Valve Company's ("Sloan") motion for reargument of plaintiffs' motion for partial summary judgment against Sloan on the issue of liability and, upon reargument, denied partial summary judgment, granted motions by the defendants for summary judgment dismissing those portions of the complaint seeking to recover damages for personal injuries; and granted Sloan's motion to transfer this action to Civil Court pursuant to CPLR 325 (d), unanimously modified, on the law and the facts, to the extent of granting partial summary judgment on the issue of liability in favor of plaintiffs against Sloan, and otherwise affirmed, without costs.

In view of the fact that there was no dispute that the valve manufactured by Sloan was defective, and that Sloan failed to submit any evidentiary proof in admissible form to rebut the permissible inference of negligence, summary judgment should have been granted based upon the doctrine of *res ipsa loquitur* (*Dillenberger v 74 Fifth Ave. Owners Corp.*, 155 AD2d 327).

The IAS Court was correct in ruling that plaintiffs had no cause of action for emotional distress as recovery for emotional distress or ensuing physical injury may not be predicated upon the observation of damage to one's property (*see, Couri v Westchester Country Club*, 186 AD2d 712, 715, *lv dismissed in part and denied in part* 81 NY2d 912; *Stanley v Smith*, 183 AD2d 675).

Lastly, in light of the dismissal of plaintiffs' claims for emotional distress, we find no fault in the IAS Court's transfer of this matter to the Civil Court pursuant to CPLR 325 (d). Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.

■ CASCONE & COLE, Respondent, v BERNARD M. FRANK et al., Appellants, et al., Defendant. [637 NYS2d 411] —Order, Supreme Court, New York County (Joan Lobis, J.), entered November 18, 1994, denying the individual defendants' motion to dismiss the complaint, unanimously affirmed, with costs and disbursements.

The IAS Court properly denied the individual defendants' motion to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]) and on the basis of a defense founded upon documentary evidence (CPLR 3211 [a] [l]). The complaint clearly alleges a viable claim that the individual defendants retained the plaintiff law firm to provide legal services for them as well as the corporate defendant, Robin Enterprises,

Inc. While the individual defendants' assertion that only the corporate defendant retained the plaintiff law firm presents a triable issue of fact, it in no way impugns the sufficiency of the complaint's allegations. Rather than dispose of the retention issue, the documentary evidence relied upon to refute the claim graphically demonstrates, in our view, the need for a trial to resolve the issue. Concur—Sullivan, J. P., Wallach, Ross and Williams, JJ.

■ KIMBERLY GRAHAM, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [637 NYS2d 701] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered August 29, 1994, which, *inter alia*, denied defendant's motion, pursuant to CPLR 5015, to vacate a so-ordered stipulation, unanimously modified, on the law and the facts, to grant the motion and, except as thus modified, affirmed, without costs or disbursements.

Under one of three index numbers which had been purchased with respect to it, this action was transferred, pursuant to CPLR 325 (d), to the Civil Court on February 21, 1990, apparently without opposition from plaintiff. On November 24, 1992, Civil Court dismissed the action, as deemed abandoned, pursuant to CPLR 3404. Thereafter, under one of the two remaining Supreme Court index numbers, there was continued activity in the Supreme Court with respect to the action. On December 3, 1993, the parties signed a stipulation—subsequently so ordered by the Supreme Court—that plaintiff was to file her note of issue by February 28, 1994. Defendant moved, *inter alia*, to vacate the so-ordered stipulation and to deem as abandoned the two index numbers which had not been specified in the order transferring the action to the Civil Court. The Supreme Court denied vacatur; we modify to vacate the stipulation.

By virtue of the transfer of the action to the Civil Court, the Supreme Court was deprived of subject matter jurisdiction and had no authority to conduct any further proceedings with respect to this case. (*See, Strina v Troiano,* 119 AD2d 566, 567.) Moreover, since "subject matter jurisdiction cannot be conferred by consent and a defect in subject matter jurisdiction cannot be waived" (*supra,* at 567), it is of no moment whether, after the case was transferred to the Civil Court, defendant engaged in any conduct which impliedly acknowledged that the action remained active in the Supreme Court.

Nor do the facts that more than one index number had been assigned to the Supreme Court action and that the order of transfer referred to only one of these numbers suggest that the action remained alive in the Supreme Court after the transfer.